*653 Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about June 3, 2011, which, to the extent appealed from as limited by the briefs, denied the cross motion of defendants-appellants for summary judgment dismissing plaintiff’s Labor Law § 240 (1) claim, and granted plaintiffs motion for partial summary judgment on the issue of liability on his section 240 (1) cause of action, reversed, on the law, without costs, plaintiffs motion denied and appellants’ cross motion granted.
Plaintiff, the driver of a cement-mixing truck, was directed by the property owner’s contractors and construction manager, to position his cement truck side-by-side with another cement truck so that the two trucks could simultaneously pour their cement into a hopper. The space plaintiff was directed to occupy afforded him a foot or less of leeway on either side of his truck in which to operate. The spacing was significant since plaintiff needed at least two feet on the truck’s rear to unfold a two-foot extension attached to a metal ladder that was affixed to the truck. The ladder enabled the driver to climb up to the top of the truck in order to evaluate the consistency of the cement in the truck’s mixing barrel prior to pouring the cement mix.
After plaintiff parked his truck, he went to the rear of his truck and activated switches that put the truck’s mixer at full speed. He then mounted the right side of the truck’s rear fender, which was approximately three feet off the ground, and knelt down to reach around to the rear side of the truck to activate a water-mixing valve. As plaintiff began to stand and lift his leg around to the right in an effort to ascend the truck’s unextended ladder, the back of his shirt became caught in the mixer’s rotating hatch handle, causing him to be propelled upward and over to the other side of the truck.
Dismissal of plaintiffs Labor Law § 240 (1) cause of action is warranted. Contrary to the dissent’s assertion, we are fully cognizant that section 240 (1) is to be liberally construed (see Harris v City of New York, 83 AD3d 104, 108 [2011]). However, such liberality “should be construed with a commonsense approach to the realities of the workplace at issue” (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140 [2011]). The protections of the statute “are not implicated simply because the injury is caused by the effects of gravity upon an object” (Melo v Consolidated Edison Co. of N.Y., 92 NY2d 909, 911 [1998]). Rather, the question is “whether the harm flows directly from the application of the force of gravity to the object” (Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]). Stated differently, the “single decisive question is whether plaintiffs *654 injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (Runner, 13 NY3d at 603).
Here, the record demonstrates that plaintiff was not exposed to an elevation-related risk and his injury did not directly flow from the application of gravity’s force (see Toefer v Long Is. R.R., 4 NY3d 399, 408 [2005]; Medina v City of New York, 87 AD3d 907, 909 [2011]). Rather, plaintiffs accident arose from activities and circumstances that arise on a construction site and are not covered by section 240 (l)’s elevation-differential protections (see Toefer, 4 NY3d at 407).
Plaintiff failed to establish that the circumstances, at the time of his injury, warranted the protection of the type of safety equipment enumerated in section 240 (1) (see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904 [2008]; compare D'Alto v 22-24 129th St., LLC, 76 AD3d 503, 506 [2010]). Side-by-side pouring of concrete, although apparently not a routine method of delivery, was not unknown to either plaintiff or defendants. Plaintiff testified that he made such deliveries on a “handful” of other occasions and made no complaints about such practice prior to his injury, despite the fact that he never received any training on how to make such deliveries. Under these circumstances, the “realities of the workplace at issue” do not implicate the protections of the statute (Salazar, 18 NY3d at 140).
Nor do the holdings in Runner v New York Stock Exch., Inc., (13 NY3d 599 [2009], supra) and Wilinski v 334 E. 92nd Hous. Dev. Fund Corp. (18 NY3d 1 [2011]), as cited by the dissent, compel a different result. In Runner, the plaintiff was injured while using a makeshift system of lowering a heavy reel of steel wire down four stairs (13 NY3d at 602). In Wilinski, the plaintiff was injured when unsecured pipes that extended above his work location fell on him during demolition of a wall enclosing those pipes (18 NY3d at 5). In each case, the plaintiffs injury was the direct result of the failure to provide safety devices of the type enumerated in the statute.
Simply put, “the protections of Labor Law § 240 (1) do not apply to every worker who falls and is injured at a construction site” (Berg, 10 NY3d at 904). Indeed, as the dissent acknowledges, plaintiff testified that his delivery work did not require that he be provided with any safety equipment from the owner or general contractor. The dissent’s position is therefore an unwarranted extension of the statute. Concur — Friedman, J.P., Sweeny, DeGrasse and Román, JJ. Renwick, J., dissents in a memorandum as follows: